**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN DOE MR, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-2247 |
| UNITED STATES OF AMERICA and | ) |
| MARK WISNER, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff John Doe MR brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff and elicited unnecessary private information. Plaintiff also alleges several state law claims. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 8). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

### I.      Factual Background and Legal Standards

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant ("PA") for the VA, and is a defendant in more than seventy pending civil suits before this court.

The claims in this case are virtually identical to those in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227-CM, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe v. United States*, No. 16-2162-CM, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) Count I: Negligence – Medical Malpractice; (2) Count II: Negligent Supervision, Retention and Hiring; (3) Count III: Negligent Infliction of Emotional Distress; (4) Count IV: Outrage; (5) Count V: Battery; and (6) Count VI: Invasion of Privacy – Intrusion Upon Seclusion.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe*, 2017 WL 1908591, at *2.

## II.    Discussion

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

This court has repeatedly held that plaintiffs with similar allegations to those here have sufficiently alleged that Wisner's conduct was within the scope of his employment. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *4; *Doe*, 2017 WL 1908591, at *4. The court also has held that plaintiffs with similar allegations have presented plausible claims that the VA Immunity Statute applies, allowing them to pursue remedies under the FTCA for claims arising out of a battery. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *5; *Doe*, 2017 WL 1908591, at *4. While defendant disagrees with these rulings, it

does not challenge these arguments again here.  The court therefore turns to the arguments that defendant does raise with respect to this plaintiff.

### A.     Statute of Repose - All Counts

Defendant claims that at least some of plaintiff's claims are barred by Kansas's four-year statute of repose.  *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action").  Plaintiff disagrees, raising four arguments in opposition to defendant's position: (1) Section 60-513(c) does not apply to plaintiff's claims because Wisner was not a "health care provider"; (2) In any event, § 60-513(c) does not apply to plaintiff's claims for battery, outrage, and invasion of privacy; (3) The FTCA's administrative process tolls the statute of repose; and (4) Equitable estoppel tolls the statute of repose.

### 1.     *Kan. Stat. Ann. § 60-513(c)'s Application to Plaintiff's Claims*

First, plaintiff argues that because Wisner is not a "health care provider," § 60-513(c) does not apply to plaintiff's claims.  Kan. Stat. Ann. § 60-513d defines "health care provider" as "a person licensed to practice any branch of the healing arts" and "a licensed medical care facility."  Under this definition, Wisner, his supervising physicians, and the VA medical center are all health care providers.  Under the plain language of the relevant statute, § 60-513(c) applies to plaintiff's claims.

Plaintiff asks the court to apply the definition of "health care provider" in Kan. Stat. Ann. § 40-3401(f) instead, based on language in *P.W.P. v. L.S.*, 969 P.2d 896 (Kan. 1998).  It is unclear to this court why the Kansas Supreme Court applied § 40-3401(f) instead of § 60-513d in determining who might be a health care provider under § 60-513(c).  Section § 60-513d specifically indicates that it defines health care provider "as used in K.S.A. 60-513."  *P.W.P.* does not mention or address the

potential application of § 60-513d.  To the extent that *P.W.P.* is in conflict with the plain language of the statute, this court must apply the language of the statute.  *State v. Spencer Gifts, LLC*, 374 P.3d 680, 686 (Kan. 2016).  The court determines that § 60-513(c) applies to at least some of plaintiff's claims.

### *2.       Kan. Stat. Ann. § 60-513(c)'s Application to Battery, Outrage, and Invasion of Privacy*

Second, plaintiff argues that even if Wisner was a "health care provider" as used in § 60-513(c), that subsection does not apply to all torts arising from medical care.  Specifically, plaintiff argues that it does not apply to his battery, outrage, and invasion of privacy claims.  Plaintiff states that his battery claim has no statute of repose because it is governed by Kan. Stat. Ann. § 60-514(b), which provides a one-year battery statute of limitations and no statute of repose.  He states that the outrage and invasion of privacy claims have a ten-year statute of repose, based on § 60-513(b) instead of § 60-513(c).

The court has reviewed all of the cases cited by plaintiff in support of his position.  Significantly, none of the cases addresses the precise issue here: whether the statute of repose in § 60-513(c) applies to all claims "arising out of the rendering of or the failure to render professional services by a health provider," as the statute itself says.  Rather, the cases cited by plaintiff address the statute of limitations—as opposed to the statute of repose—for battery, outrage, and invasion of privacy (which is governed here by the FTCA).  *See*, *e.g., Newcomb v Ingle*, 827 F.2d 675 (10th Cir. 1987) (determining which statute of limitations was more analogous for a federal cause of action based on interception of oral or wire communications); *Culp v. Timothy M. Sifers, M.D., P.A.*, 533 F. Supp. 2d 1119, 11126 (D. Kan. 2007) (applying the battery statute of limitations accrual rule for a battery claim against a doctor); *Kelly v. VinZant*, 197 P.3d 803, 814 (Kan. 2008) (holding that battery claims against

a doctor were subject to § 60-514(b)'s one-year statute of limitations); *Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 97 P.3d 492, 497 (Kan. 2004) (holding that an outrage claim was subject to the two-year statute of limitations for torts). *But see Robinson v. Shah*, 936 P.2d 784, 817–18 (Kan. Ct. App. 1997) (holding a fraud claim against a doctor was governed by the ten-year statute of repose). Defendant identifies in its brief how each case is distinguishable from the case at hand, and this court agrees. The plain language of § 60-513(c) indicates that the statute of repose contained therein applies to claims "arising out of the rendering of or the failure to render professional services by a health provider." It does not specify medical malpractice claims or limit its application in any manner. Plaintiff's claims in this case all arise out of the rendering of or the failure to render professional services by a health care provider. The court therefore concludes that the four-year statute of repose applies to all of plaintiff's claims.

### 3.	Tolling – FTCA Administrative Process

The next issue is whether the statute of repose may be tolled during the time that plaintiff was exhausting his administrative remedies as required by the FTCA. Defendant argues that it may not be tolled because the FTCA mandates that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. According to defendant, a private individual would not have claims against him or her tolled during the exhaustion of FTCA administrative remedies, so the United States likewise should not. In support of its position, defendant cites a Seventh Circuit case that held that a FTCA action must be filed in court—not with the agency—before the statute of repose expires. *Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013).

On this point, the court respectfully disagrees with defendant and the Seventh Circuit. The Tenth Circuit has not yet ruled on whether the required FTCA administrative process effectively

preempts state statutes of repose. But this court believes the better reasoned answer is that it does. The FTCA requires plaintiffs to wait at least six months to file suit while exhausting their administrative remedies. In a concurring opinion in *Kennedy v. U.S. Veterans Admin.* 526 F. App'x 450, 458 (6th Cir. 2013), one judge noted, "Congress clearly intended that a claimant who files a timely claim with the agency will have properly invoked the administrative process and is entitled to file suit within six months of the agency decision." Because of this Congressional intent, it would be improper to "allow agencies to delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim." *Kennedy*, 526 F. App'x at 458–59. District courts have agreed. *See, e.g., AJJT v. United States*, No. 3:15-cv-1073, 2016 WL 3406138, at *4 (M.D. Tenn. June 21, 2016); *Blau v. United States*, No. 8:12-cv-2669-T-26AEP, 2013 WL 704762, at *2 (M.D. Fla. Feb. 26, 2013); *Jones v. United States*, 789 F. Supp. 2d 883, 893 (M.D. Tenn. 2011); *McKinley v. United States*, No. 5:15-cv-101, 2015 WL 5842626, at *13 (M.D. Ga. Oct. 6, 2015).

The court agrees with the reasoning given in the cases cited above, and determines that the FTCA administrative process preempts Kan. Stat. Ann. § 60-513(c)'s statute of repose when the mandated use of the administrative process would otherwise cause a claim to be barred by the statute of repose. The statute of repose was therefore tolled during the pendency of plaintiff's administrative procedures, for any claims not already barred before plaintiff began the administrative process.

### 4. Tolling – Equitable Estoppel

Finally, plaintiff argues that the doctrine of equitable estoppel tolls the statute of repose. Because the court has held that the statute of repose is tolled during plaintiff's administrative process (to the extent that claims were not already barred before plaintiff began the administrative process), it is not clear whether the court still needs to address equitable estoppel. But some of plaintiff's claims may have happened before May 10, 2012, which was four years before plaintiff filed an administrative

claim.  In his complaint, plaintiff alleges that the acts in question occurred "in 2012 and later."  The

court therefore addresses whether the time to file a claim may be tolled based on general principles of

equitable estoppel.

The Tenth Circuit has held, "Because a statute of repose creates a substantive right in those

protected to be free from liability after a legislatively-determined period of time, it is not subject to

equitable tolling or equitable estoppel."  *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir.

2015) (citation omitted).  Plaintiff cites *Robinson v. Shah*, 936 P.2d 784, for the premise that Kansas's

statute of repose may, indeed be subject to equitable estoppel.  In *Robinson*, the majority held that a

medical malpractice defendant was equitably estopped from raising the statute of repose defense when

his own fraudulent concealment resulted in the delay in discovering the wrongful acts.  936 P.2d at

798.  But this holding was over a strong dissent, and another appellate panel has cast doubt on it.  *See*

*Dunn v. Dunn*, 281 P.3d 540, 556 (Kan. Ct. App. 2012) ("Whether the doctrine of equitable estoppel is

even available to toll a statute of repose is a debatable issue in Kansas.").

The court determines that the doctrine of equitable estoppel is not available to prevent

application of the statute of repose.  To the extent that Kansas courts have allowed estoppel, it appears

to be limited to claims for fraud, which are not alleged here.  *See Robinson*, 936 P.2d at 798 (allowing

the defense "where the defendant's own fraudulent concealment has resulted in the delay in

discovering the defendant's wrongful conduct"); *see also Karlin v. Paul Revere Life Ins. Co.*, 742 F.

Supp. 2d 1253, 1268 (D. Kan. 2010).  The only tolling that is available to plaintiff results from the

preemptive effect of the FTCA's administrative remedies requirement.

### B.  Count II – Negligent Supervision, Hiring, and Retention

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention

based on the discretionary function exception to the FTCA.  *See, e.g.*, *Anasazi*, 2017 WL 2264441, at

-7-

*8–*9; *Doe*, 2017 WL 1908591, at *8.  Plaintiff now asks the court to deny defendant's motion with

respect to these claims because the VA had mandatory duties under the U.S. Constitution.  Plaintiff

only makes this argument in his response brief, however—he does not allege constitutional duties or

violations in his complaint.  Because the allegations of constitutional violations are not included in

plaintiff's complaint, the court does not consider whether allegations of constitutional violations would

be sufficient to take plaintiff's claims for negligent hiring and retention outside the discretionary

function exception.  These claims are dismissed for the same reasons given before.  *See, e.g.*, *Anasazi*,

2017 WL 2264441, at *8–*9; *Doe*, 2017 WL 1908591, at *8.

        As for the negligent supervision claim, the court has allowed this claim to proceed.  *See, e.g.*,

*Anasazi*, 2017 WL 2264441, at *7; *Doe*, 2017 WL 1908591, at *6.  Defendant now proffers a new

argument for dismissal: plaintiff's negligent supervision claim is subsumed in his negligent hiring and

retention claims, and it should likewise be dismissed under the discretionary function exception.

Specifically, defendant wants the court to disregard plaintiff's characterization of his harm being based

on the VA's negligent supervision of Wisner.  Instead, defendant wants the court to look beyond

plaintiff's characterization and see that the injuries were actually "caused by the VA's decisions to

hire, retain, and discipline Wisner—decisions which are inherently discretionary and which this [c]ourt

has previously held fall squarely within the discretionary function exception."  (Doc. 9, at 11.)  In other

words, defendant asks the court to hold that plaintiff's negligent supervision claim is an impermissible

attempt to circumvent the discretionary function exception, so it must be dismissed along with the

negligent hiring and retention claims.

        The court has previously set forth the law at length on the discretionary function exception.

*See, e.g.*, *Anasazi*, 2017 WL 2264441, at *6–*9; *Doe*, 2017 WL 1908591, at *5–*8.  For brevity, the

court does not repeat it here, but incorporates it by reference.

Defendant's new arguments are not persuasive for at least two reasons. First, plaintiff has pleaded that he suffered damages because of defendant's inadequate supervision of Wisner. The court accepts these allegations as true at this stage of the litigation. Second, in Kansas, negligent supervision is a separate cause of action from negligent hiring and retention. *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1223 (Kan. 1998). Negligent supervision is not subsumed into negligent hiring or retention. For these reasons, as well as those the court has set forth in other related opinions, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

### C.     Counts III and IV – Negligent Infliction of Emotional Distress and Outrage

As this court has previously held, a claim for negligent infliction of emotional distress must include a qualifying physical injury. *Majors v. Hillebrand*, 349 P.3d 1283, 1285 (Kan. Ct. App. 2015). This rule does not apply, however, when the conduct is willful or wanton. *Id.* (citing *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983)). Plaintiff attempts again to plead a plausible claim by alleging willful and wanton conduct, but this court has already held that this characterization of plaintiff's claim is duplicative of plaintiff's outrage claim. Again, the court dismisses plaintiff's claim for negligent infliction of emotional distress in part for failure to allege a physical injury and in part as duplicative of the outrage claim.

Defendant also asks the court to dismiss both the negligent infliction of emotional distress claim and the outrage claim under the discretionary function exception. Defendant argues that the conduct that is barred by the discretionary function exception in Count II is the same conduct alleged in Counts III and IV—thereby making these counts also subject to the discretionary function exception. But the court has held that plaintiff plausibly placed his supervision claim outside the discretionary function exception. The same rationale applies to plaintiff's claim of outrage (although the court dismisses the negligent infliction of emotional distress claim on other grounds).

**D.     Count V – Invasion of Privacy – Intrusion Upon Seclusion**

Finally, the court has repeatedly addressed plaintiff's allegations for invasion of privacy –

intrusion upon seclusion and found that they fail to state a claim.  *See, e.g.*, *Anasazi*, 2017 WL

2264441, at \*10–\*11; *Doe*, 2017 WL 1908591, at \*10.  Plaintiff has not made any arguments here that

justify altering the court's analysis.  This claim is therefore dismissed for the same reasons previously

given.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 8) is granted in

part and denied in part.  The motion is granted as to Counts III and V.  The motion is also granted as to

plaintiff's negligent hiring and retention claim in Count II, but denied as to plaintiff's negligent

supervision claim in Count II, as well as Count IV.  Finally, some of plaintiff's claims may be time-

barred, consistent with the court's ruling in Part II.A. of this Memorandum and Order.

Dated this 13th day of September, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
